UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE TOLBERT, #40943-039,

        Plaintiff,

                                CASE NO. 5:10-CV-12506
v.                             HONORABLE JOHN CORBETT O'MEARA

GARY JONES, ET AL.,

        Defendants.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

I.    <u>Introduction</u>

       Before the Court is Plaintiff Maurice Tolbert's *pro se* civil rights complaint filed

pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of*

*Narcotics*, 403 U.S. 388 (1971). Plaintiff is a federal prisoner currently confined at the Federal

Correctional Institution in Milan, Michigan. The Court has granted his application to proceed

without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff sues

his defense attorneys alleging that they conspired against him, swindled him out of money, and

provided inadequate representation in his federal criminal proceedings. He seeks monetary

damages. Having reviewed the complaint, the Court dismisses it for failure to state a claim upon

which relief may be granted. The Court also concludes that an appeal may not be taken in good

faith.

II.    <u>Discussion</u>

       Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform

Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis*

complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court is aware that a *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to dismissal.

As an initial matter, the Court notes that retained and appointed attorneys/public defenders performing a lawyer's traditional functions as counsel to a criminal defendant do not "act under color of state law" and are not subject to suit under 42 U.S.C. § 1983. *See Polk Co. v. Dodson*, 454 U.S. 312, 317 (1981); *Elrod v. Michigan Supreme Court*, 104 F. App'x 506, 508 (6th Cir. 2004). Similarly, retained and appointed defense attorneys do not act under color of federal law when representing clients in federal criminal proceedings and are therefore not

subject to suit under *Bivens*. *See Stamper v. Bouldin*, 46 F. App'x 840, 841 (6th Cir. 2002) (citing *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir.1990); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982)); *see also Lindsey v. Jansante*, 806 F. Supp. 651, 654 (E.D. Mich. 1992). Plaintiff's civil rights complaint against his defense lawyers must therefore be dismissed.

Plaintiff's complaint is also subject to dismissal to the extent that he challenges the validity of his criminal proceedings and continued confinement. A claim under § 1983 and/or *Bivens* is an appropriate remedy for a prisoner challenging a condition of imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254); *see also Lanier v. Bryant*, 332 F.3d 999, 1005 (6th Cir. 2003) (*Heck* applies to *Bivens* actions as well as claims under § 1983); *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998) (same). This holds true regardless of the relief sought by the plaintiff. *Heck*, 512 U.S. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). If Plaintiff were to prevail on his claims challenging the effectiveness of his legal

representation during his criminal proceedings, the validity of his continued confinement would be called into question. Such claims are barred by *Heck* and must be dismissed.

III.   Conclusion

   For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted in his pleadings. Accordingly, the Court **DISMISSES** his civil rights complaint. Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

   **IT IS SO ORDERED.**


                                        s/John Corbett O'Meara
                                        JOHN CORBETT O'MEARA
                                        UNITED STATES DISTRICT JUDGE

Dated: July 9, 2010


I hereby certify that a copy of the foregoing document was served upon counsel of record electronically and/or by first class mail to Maurice Tolbert #40943-039, Milan Correctional Institution, P O Box 1000, Milan, MI 48160.

                                        s/Felicia Moses for William Barkholz
                                        Case Manager